UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

C.A. No. 01-12211-WGY

---

BETHANY SABBAG; MATTHEW RICHARDS, by and through his next friend, Pamela Richards; MICHAEL PIETRONIRO, by and through his next friend, Carol Pietroniro; TIMOTHY LYNSKY, by and through his next friend, Donna Lynsky; MARCIE ZURBLIS, by and through her next friend Peter Zurblis; on behalf of themselves and all others similarly situated,

            Plaintiffs,

vs.

MITT ROMNEY, in his capacity as Governor of Massachusetts; BETH WALDMAN, in her capacity as Medicaid Director, Massachusetts Office of Medicaid; and TIMOTHY R. MURPHY, in his capacity as Secretary of the Massachusetts Executive Office of Health and Human Services,

            Defendants.

---

### JOINT MOTION TO APPROVE DISMISSAL AND SETTLEMENT OF CLASS ACTION

Pursuant to Fed. R. Civ. P. 23(e)(1), the parties hereby move that the Court approve the dismissal and settlement of this action, in which a plaintiff class has been certified pursuant to Fed. R. Civ. P. 23(b)(2). As grounds, the parties state that a settlement of the action on the terms proposed by the parties would be fair, reasonable and adequate. Attached to this motion as Exhibits A and B respectively are: (i) the Settlement Agreement executed by the named plaintiffs and defendants, through counsel, on August 1, 2005, and (ii) a proposed form of notice to class

members of the proposed settlement.

The Court has scheduled a hearing on the proposed settlement for September 28, 2005. By this motion, the parties respectfully request that: (i) as soon as practicable, the Court approve the form of the attached class notice so that it may be distributed to identified class members in advance of the September 28 hearing; (ii) the parties be permitted to file separate memoranda on the proposed settlement, addressing the factors set forth in Fed. R. Civ. P. 23(e), no later than September 14, 2005; and (iii) after hearing, the Court approve the settlement and dismissal of this action without prejudice on all of the terms set forth in the Settlement Agreement.

As further grounds for this motion, the parties state as follows.

**Case Overview**

1.  The named plaintiffs in this action are five individuals under age 21 with serious disabilities or medical conditions. Each is cared for at home, in part by private duty nurses whose services are paid for by the Massachusetts Medicaid program, known as "MassHealth." For each plaintiff, MassHealth has agreed to pay for a certain number of hours of private duty nursing services each week.

2.  In December 2001, the named plaintiffs filed this action against the Governor of Massachusetts and the state officials responsible for the MassHealth program. In their Complaint, the plaintiffs alleged that they were unable to obtain private duty nurses for all of the hours approved by MassHealth. They alleged that this occurred because the rates paid by MassHealth for private duty nursing services were too low to attract a sufficient number of nurses to provide these services and because of other shortcomings in the administration of this benefit by MassHealth. The Complaint asserted that these alleged facts gave rise to four causes

of action under the federal Medicaid act, 42 U.S.C. § 1396a, *et seq.* (plaintiffs' first through fourth causes of action) and to an additional cause of action under each of the Americans with Disabilities Act ("ADA"), 42 U.S.C. §§ 12101 *et seq.*, and Section 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794 (plaintiffs' fifth and sixth causes of action).

3. The named plaintiffs sought declaratory and injunctive relief in the Complaint, including, *inter alia*: injunctions that would require the defendants to: (i) set MassHealth private duty nursing reimbursement rates at level sufficient to recruit and promptly make available "an adequate number and geographic distribution of qualified [nurses]" for the plaintiffs and those similarly situated, and (ii) take other measures "as are necessary" to improve the administration of the private duty nursing benefit to comply with applicable federal law. Compl. p. 34

4. In response to the Complaint, the defendants denied the plaintiffs' claims and, specifically, denied that the Commonwealth had violated federal law.

5. On September 20, 2002, the Court allowed the plaintiffs' motion to certify a class consisting of "[a]ll current and future members of MassHealth under age twenty-one who have been, or will be, determined by MassHealth to require private duty nursing services but who have been unable, or will be unable in the future, to secure nurses to fill all of the hours of private duty nursing services determined to be medically necessary by MassHealth and their physicians."

6. The plaintiffs took substantial discovery throughout 2002 and 2003. Plaintiffs served, and received responses to, written interrogatories and requests for production of documents and took depositions of the three MassHealth officials most knowledgeable of the administration of the private duty nursing benefit.

**Settlement Agreement**

7.  Reimbursement rates for health care providers that participate in MassHealth are set by regulations promulgated by the Commonwealth's Division of Health Care Finance and Policy (hereafter "HCFP"). The regulations establish specific rates for private duty nursing services that vary based upon factors such as the number of patients served, time of day, and whether the nurse is an individual practitioner or employed by a provider agency.

8.  In 2003, while this case was pending, the plaintiffs' counsel participated in public hearings in the rate setting process for private duty nursing services before HCFP, including submitting testimony from Christine E. Bishop, Ph.D., a health care economist at Brandeis University. At the end of that process, the agency increased by 21.3% the rates at which private duty nurses are reimbursed by MassHealth. These rates now appear in regulations promulgated by HCFP at 114.3 Code Mass. Reg. 24.01, *et seq*. These rate increases took effect in 2004. In addition, and at about the same time, MassHealth initiated a new Community Care Management program that provides certain supportive services for MassHealth participants who are cared for at home, including persons in the plaintiff class.

9.  Following these developments, counsel for the parties negotiated the proposed Settlement Agreement, which was executed on August 1, 2005 and is attached hereto as Exhibit A. Therein, the Commonwealth has agreed to the following, among other things:

   a.  MassHealth will collect data on the utilization of private duty nursing (hereafter "PDN") services by class members and the reasons they (or their parents or legal guardians) report when they do not use all of their authorized PDN hours. The information will be collected both from MassHealth claims and payment records and

from direct contacts with the parents or legal guardians of class members who choose to provide the information. This information will be available to MassHealth for program management. MassHealth will also provide certain of this information to the plaintiffs' counsel and to the state rate setting agency (the Division of Health Care Finance and Policy) before its next review of private duty nursing rates. Settlement Agreement ("S.A."), ¶¶ 1, 2(a), 3, 4, 6.

b.      MassHealth has implemented, and will maintain, a protocol in its Community Case Management program to provide assistance to persons approved for PDN services. At least quarterly, a nurse "case manager" will contact the parent or legal guardian of each MassHealth member under age 22 who receives private duty nursing services. If a member has been unable to obtain PDN services for all authorized hours, the case manager will provide information to assist the member to obtain PDN and related supportive services; the case manager may also provide other assistance, if appropriate. The case manager will also inform each member that he or she may contact the case manager directly by telephone to report emergency needs for PDN services or ongoing problems filling PDN services hours. S.A. ¶ 2.

c.      MassHealth will establish an advisory committee that it will convene quarterly to gather information to support and foster the delivery of private duty nursing services to all MassHealth members that are approved for such services. The plaintiffs or their counsel will recruit and select the advisory committee members. S.A. ¶ 5.

d.      The Commonwealth will pay $30,000 as attorneys' fees and costs to the plaintiffs' counsel. S.A. ¶ 8.

e.  The Settlement Agreement will be in effect for two years. S.A. ¶¶ 1(a), 1(b), 12.

10. Under the proposed settlement, this action will be dismissed without prejudice. For the term of the Settlement Agreement, the named plaintiffs have agreed not to sue the Commonwealth on any claim that challenges (i) the rate of reimbursement paid to providers of nursing services or (ii) the system of administration of Massachusetts Medicaid-funded nursing services. S.A. ¶¶ 7, 9.

11. The parties have further agreed that (i) the terms of the Settlement Agreement shall not be incorporated in any order or judgment entered by the Court, and (ii) the Court shall not retain jurisdiction of the Action for any purpose including, without limitation, to enforce the Settlement Agreement by contempt or other judicial process. S.A. ¶ 7. If the plaintiffs assert that the Commonwealth is not in substantial compliance with the Settlement Agreement they can, after notice and an opportunity to cure, terminate the agreement and, if they so elect, file a new action under then-existing law. S.A. ¶ 10.

**Approval of the Settlement**

12. Under Fed. R. Civ. P. 23(e)(1)(C), the "court may approve a settlement, voluntary dismissal, or compromise that would bind class members only after a hearing and on finding that the settlement, voluntary dismissal, or compromise is fair, reasonable, and adequate." The parties believe that the proposed settlement is fair, reasonable, and adequate for the reasons set forth herein. In addition, as noted above, the parties respectfully request that they be permitted to file separate memoranda on the proposed settlement, more particularly discussing the requirements of Fed. R. Civ. P. 23(e), no later than September 14, 2005.

WHEREFORE, the plaintiffs and defendants respectfully request: (i) that, as soon as practicable, the Court approve the form of the attached class notice so that it may be distributed to identified class members in advance of the September 28 hearing, (ii) that the parties be permitted to file separate memoranda on the proposed settlement, addressing the factors set forth in Fed. R. Civ. P. 23(e), no later than September 14, 2005, and (iii) after hearing, the Court approve the settlement and dismissal of this action without prejudice on all of the terms set forth in the Settlement Agreement.

Respectfully submitted,

| For the Plaintiffs | For the Defendants |
|---|---|
| | THOMAS F. REILLY<br>ATTORNEY GENERAL |
| _____<br>Linda Landry, Esq., BBO# 285010<br>Disability Law Center<br>11 Beacon Street, Suite 925<br>Boston, MA 02108 | By: _____<br>William W. Porter, BBO# 542207<br>Assistant Attorney General<br>One Ashburton Place, 20th floor<br>Boston, MA 02108 |
| _____<br>Nancy J. Lorenz, BBO# 305000<br>Senior Attorney<br>Greater Boston Legal Services<br>197 Friend Street<br>Boston, MA 02114 | |

Dated: August 1, 2005